**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO**

Dr. Don Renuart, et al.,

   Plaintiffs,

   -vs-

Koda Health, Inc.,

   Defendants.

Case No. 1:25-cv-01489-PAB

**JUDGE PAMELA A. BARKER**

**MEMORANDUM OPINION & ORDER**

Currently pending before the Court is Defendant Koda Health, Inc.'s ("Koda") Motion to Dismiss (Doc. No. 11.)  Plaintiffs Dr. Don Renuart and John Cachat have not filed an opposition to Koda's Motion to Dismiss.  For the following reasons, Koda's Motion to Dismiss (Doc. No. 11) is GRANTED. Plaintiffs' claims against Koda are dismissed without prejudice.  Additionally, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, Defendant Tatiana Fofanova ("Fofanova") is hereby dismissed without prejudice for want of prosecution.  The Clerk is instructed to terminate this case.

**I. Background**

On July 16, 2025, Plaintiffs filed their Complaint for Patent Infringement against Koda and Tatiana Fofanova. (Doc. No. 1.)  On July 25, 2025, this case was referred to Magistrate Judge Jennifer Dowdell Armstrong for general pretrial supervision.  (Doc. No. 3.)  On August 1, 2025, the Magistrate Judge issued the following non-document order:

> The Plaintiffs are advised that it is their responsibility to have the summons and complaint served within the time allowed by Rule 4(m) of the Federal Rules of Civil Procedure and must furnish the necessary copies to the person who makes the service. Fed. R. Civ. P. 4(c)(1). The Court issued original summonses on July 16, 2025 (ECF No. 2 ). Plaintiffs filed a USM-285 form with their Complaint.

> However, Plaintiffs are not proceeding in forma pauperis. See Fed. R. Civ. P. 4(c)(3). Plaintiffs are therefore advised that I will not exercise the discretionary authority to direct the U.S. Marshal to complete service in this case in the absence of a motion or application demonstrating that service by marshal is necessary here. Any such motion or application should set forth the steps already taken to serve process and provide a factual basis demonstrating why a court order is necessary to accomplish service. See Syswerda v. Mnuchin, No. 1:20-cv-471, 2020 WL 12746030 (W.D. Mich. June 5, 2020). Plaintiffs are ordinarily expected to first seek service by private means where feasible.

That same day, a certified mail receipt addressed to Koda was filed with the Court.  (Doc. No. 5.)

Then on August 7, 2025, the Magistrate Judge issued a non-document Order explaining to Plaintiffs that Plaintiff Renuart had not signed the Complaint, and ordering Plaintiffs to, among other things, resubmit the Complaint with Plaintiff Renuart's signature.  On September 4, 2025, Plaintiffs resubmitted the Complaint with Plaintiff Renuart's signature.  (Doc. No. 6.)  Plaintiffs also filed a "Proof of Service" purporting to demonstrate service upon Defendants.  (Doc. No. 7.)  On October 10, 2025, the Magistrate Judge issued an Order explaining that:

> On July 16, 2025, the plaintiffs (proceeding pro se) filed a complaint for patent infringement and seeking damages, injunctive relief, declaratory judgment, and fees. (Compl., ECF No. 1.) On the same day, the Court issued original summonses to the plaintiffs for service on the defendants. (See Summonses, ECF No. 2.) The plaintiffs attached USM-285 forms to their complaint (Forms, ECF No. 1-3), but on August 1, 2025, I entered an order advising them that plaintiffs (those not proceeding in forma pauperis) are ordinarily expected to seek service by private means where feasible before obtaining service by the U.S. Marshal. (Order [non-document], Aug. 1, 2025.) I further advised that I would not direct the U.S. Marshal to complete service here in the absence of a motion or application demonstrating that service by marshal is necessary. (Id.) I reminded the plaintiffs that it is their responsibility to have the summons and complaint served within the time allowed by Rule 4(m) of the Federal Rules of Civil Procedure. (Id.)
>
> On the same day (August 1), a U.S. Postal Service certified-mail receipt was returned to the Clerk of Court, addressed to defendant Koda Health, Inc. at an address in Texas. (Receipt, ECF No. 5.)
>
> On September 4, 2025, the plaintiffs re-filed their complaint to correct certain Rule 11 signature omissions that I had identified by order entered on August 7, 2025.

2

> (Resubmitted Compl, ECF No. 6; see also Order [non-document], Aug. 7, 2025.)
>
> On the same day, the plaintiffs filed a submission that they called a "Proof of Service to Defendants." (Proof of Service, ECF No. 7, PageID# 35.) The submission includes screenshots, seemingly copied-and-pasted text, and seemingly scanned images. (See generally id., PageID# 35– 37.) Taken together, as best as I can tell, the plaintiffs intended the submission to substantiate that (1) USPS tracking information confirms that a package was delivered to an attorney ("Defendant's Attorney") in Raleigh, North Carolina, on July 10, 2025; (2) that tracking information and a USPS certified mail receipt confirm that a mailing was delivered to defendant Koda Health, Inc. in Houston, Texas on July 21, 2025; and (3) that tracking information and a USPS certified mail receipt confirm that a mailing was delivered to defendant Tatiana Fofanova at an address in Houston, Texas on July 21, 2025. (See id.) The scanned certified mail receipts do not appear to bear a signature, and tracking information indicates that the mailings were either "left with individual" or "delivered in/at mailbox." (See id.)

(Doc. No. 9, PageID #66–67.)  The Magistrate Judge accordingly found that "the plaintiffs have not filed valid proof of service" and issued the following order:

> Accordingly, the plaintiffs are hereby ORDERED to file, on or before November 20, 2025, either (1) valid proof of service upon the Defendants or (2) a brief showing cause why service has not been effected and why this case should not be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. Failure to comply with this order will result in a recommendation that this case be dismissed without further notice

(*Id.* at PageID #68.)

On November 6, 2025, Plaintiffs filed a Confirmation of Service.  (Doc. No. 10, PageID #69.) Therein, Plaintiffs represent that "[c]opies of both the Complaint for Patent Infringement and Motion for a Cease-and-Desist Order were served to Capitol Corporate Services, 1501, Mopac Expy Ste 220, Austin, TX 78746, the registered agent for Koda Health, Inc." (*Id.*)  Plaintiffs also attached a Proof of Service executed by a Kelly Murski.  (Doc. No. 10-1.)  Therein, Ms. Murski checked the box providing that "I served the summons on Clayton Sheffield, who is designated by law to accept service of process on behalf of Capitol Corporate Services, Inc. . . . ." (*Id.* at PageID #71.)  Under

3

the "additional information regarding attempted service, etc." heading, Ms. Murski stated, in relevant part, that she "delivered the documents, Complaint; Motion for Cease-and-Desist Order; Exhibit A, to Clayton Sheffield . . . ."  (*Id.*)  Plaintiffs did not file a "Confirmation of Service" for Fofanova.

On November 21, 2025, Defendant Koda filed a Motion to Dismiss.  (Doc. No. 11.)  Therein, Koda argues that the Court should dismiss Plaintiffs' claims against it for insufficient service of process under Rule 12(b)(5) and for improper venue under Rule 12(b)(3).  For their service argument, Koda argues that while "[t]he proof of service checks the box indicating that the summons was served on Capitol Corporate Services . . . the confirmation of service confirms, no summons was served, only the complaint and motion were delivered to the registered agent."  (Doc. No. 11-1, PageID #82.)  Koda alternatively argues that even if a summons was served, the summons is defective because (1) the only summons that was issued on July 16, 2025 was issued "before the operative complaint (signed by both plaintiffs) was filed on September 5, 2025," and (2) "Plaintiffs never requested, and the Clerk never issued, a summons on the operative complaint and addressed to Capitol Corporate Services."  (*Id.*)  For its improper venue argument, Koda argues that venue is improper under 28 U.S.C. § 1400(b).  (*Id.* at PageID #83.)  That statute provides that "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."  28 U.S.C. § 1400(b).  And here, Koda asserts that "plaintiffs allege that Koda is a Texas Corporation," with a "physical place of business 2450 Holcombe Blvd., Houston, TX 77002," and that Plaintiffs do "not allege (and cannot in good faith allege) that Koda is incorporated in Ohio or has a regular and established physical place of business in this district."  (Doc. No. 11-1, PageID #83.)

Plaintiffs did not file an Opposition to Koda's Motion to Dismiss.  Accordingly, Koda's

4

Motion to Dismiss is ripe for review.

II.     **Analysis**

        A.      **The Court dismisses Koda for improper venue**

The Court declines to address Koda's service arguments because even if it were properly served, the Court finds that venue is improper. "28 U.S.C. § 1400(b) is the sole and exclusive provision controlling venue in patent infringement actions." *Buzz Seating, Inc. v. Reimers Furniture Mfg.*, No. 1:25-cv-165, 2025 U.S. Dist. LEXIS 192128, at *4 (S.D. Ohio Sept. 29, 2025) (quoting *Fourco Glass Co. v. Transmirra Prods. Corp.*, 353 U.S. 222, 229 (1957)); *see also TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 581 U.S. 259, 265–66 (2017).  Under 28 U.S.C. § 1400(b), venue is proper "in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."  For purposes of this statute, a defendant corporation resides "only [in] the State of incorporation."  *TC Heartland*, 581 U.S. at 265–66.  "The regular and established place of business inquiry has three general requirements: (1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant."  *Buzz Seating*, 2025 U.S. Dist. LEXIS 192128 at *4–5 (quoting *In re Volkswagen Grp. of Am., Inc.*, 28 F.4th 1203, 1208 (Fed. Cir. 2022)); *accord Automated Packaging Sys. v. Free-Flow Packaging Int'l, Inc.*, No. 5:14-cv-2022, 2018 U.S. Dist. LEXIS 5910, at *16 (N.D. Ohio Jan. 12, 2017) (citing *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017)).

In this case, Plaintiffs have not met their burden to show that venue is proper.  *Tobien v. Nationwide Gen. Ins. Co.*, 133 F.4th 613, 621 (6th Cir. 2025) ("Thus, when a defendant files a 12(b)(3) motion to dismiss for improper venue, the plaintiff must show by a preponderance of the evidence that venue is proper").  The operative Complaint alleges that Koda is Texas corporation

5

with a "principal mailing address of 4201 Main Street Suite 200 Houston, TX 77002-441 and physical address at 2450 Holcombe Blvd Ste X, Houston TX, 77002." (Doc. No. 6, ¶ 4.)  There is nothing in the operative Complaint, or the record generally, establishing that Koda has a physical, or even a regular and established, place of business in this district.  The Court therefore finds that venue is improper in this district pursuant to 28 U.S.C. § 1400(b).  Accordingly, the Court grants Koda's request to dismiss Plaintiffs' claim against it pursuant to Rule 12(b)(3).

### B.    The Court dismisses Fofanova pursuant to Rule 4(m)

Once a plaintiff has commenced an action in the federal courts, the plaintiff bears the burden to obtain service of process upon each defendant.  To effectuate service upon a defendant, the Civil Rules require the plaintiff to act in a reasonable and diligent manner.  Specifically, Rule 4(m) of the Federal Rules of Civil Procedure provides:

> (m) Time Limit for Service.  If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.  This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1), or to service of a notice under Rule 71.1(d)(3)(A).

On October 20, 2025, the Magistrate Judge provided notice to Plaintiffs that they had not filed a valid proof of service for Defendants, and ordered Plaintiffs "to file, on or before November 20, 2025, either (1) valid proof of service upon the Defendants or (2) a brief showing cause why service has not been effected and why this case should not be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure." (Doc. No. 9, PageID #68.)  Upon review of the docket, Plaintiffs have not filed a valid proof of service as to Fofanova or a brief showing cause as ordered.

The Court is mindful that Plaintiffs filed a "Proof of Service" on September 4, 2025.  (Doc. No. 7.)  The Court, however, agrees with the Magistrate Judge that the Proof of Service does not demonstrate valid service.  Plaintiffs' September 4, 2025 "Proof of Service" indicates that Plaintiffs mailed something[1] to Fofanova by certified mail.  (Doc. No. 7.)  Even if the Plaintiffs mailed a valid Summons and a copy of the operative Complaint to Fofanova by certified mail, Plaintiffs have not proved that Fofanova was served.

Under Federal Rule of Civil Procedure 4, a person may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).  Under Ohio law, certified mail is a proper method for serving out of state defendants.  Under Ohio R. Civ. P. 4.3(B)(1), "[t]he *clerk* may make service of process or other documents to be served outside the state in the same manner as provided in Civ.R. 4.1(A)(1) through Civ.R. 4.1(A)(3)." (Emphasis added).  Ohio R. Civ. P. 4.1(A)(1)(a), in turn, provides for certified mail service as follows:

> Evidenced by return receipt signed by any person accepting delivery, service of any process accepting delivery shall be by United States certified or express mail unless otherwise permitted by these rules. The *clerk* shall deliver a copy of the process and complaint or other document to be served to the United States Postal Service for mailing at the address set forth in the caption or at the address set forth in written instructions furnished to the *clerk* as certified or express mail return receipt requested, with instructions to the delivering postal employee to show to whom delivered, date of delivery, and address where delivered.

(emphasis added).  Consistent with Ohio law, this Court's Local Rules provide guidance for how a plaintiff can effectuate service by certified mail:

> Plaintiff's attorney shall address the envelope to the person to be served, shall enter as the return address the address of the issuing location for The Office of the Clerk, and shall place a copy of the summons and complaint or other document to be

---

[1] The Proof of Service merely shows tracking information for certified mail.  It does not state what Plaintiffs were mailing.

served in the envelope. Plaintiff's attorney shall also affix to the back of the envelope the domestic return receipt card, PS Form 3811, July 1983, (the "green card") showing the Name of Sender as "Clerk, United States District Court, Northern District of Ohio" at the appropriate address with the certified mail number affixed to the front of the envelope. The instructions to the delivering postal employee shall require the employee to show to whom delivered, date of delivery, and address where delivered. *Plaintiff's attorney shall affix adequate postage to the envelope and deliver it to the Clerk who shall cause it to be mailed*. The envelope should be unsealed when it is delivered to the Clerk so that the Clerk can verify the contents prior to mailing.

Local Rule 4.2(a) (emphasis added).

What these rules make clear is that the *Clerk*, and not a plaintiff, must mail the Summons and Complaint for service to be proper under Ohio law. *Chavando v. Plasma Igniter LLC*, No. 1:18-cv-01413, 2022 U.S. Dist. LEXIS 212797, at *4–5 (N.D. Ohio Nov. 23, 2022) ("Ohio rules only permit service by mail when a plaintiff requests that the Clerk's Office send certified mail copies of the summons and complaint to a defendant. Plaintiffs may not use third-parties who are not affiliated with the Clerk's Office to send the required documents by certified mail"); *Medarbor, LLC v. Ohio River Laboratory/ IPath, LLC*, No. 2:18-cv-1249, 2018 U.S. Dist. LEXIS 224761, at *2 (S.D. Ohio Nov. 28, 2018) ("Here, Plaintiff did not provide service materials to the Clerk for mailing by certified mail, but rather attempted service by mailing the service documents by certified mail through counsel. As a result, service was defective").

Plaintiffs' September 4, 2025 "Proof of Service" merely indicates that they, and not the Clerk, attempted service by certified mail. As the above authorities make clear, Plaintiffs' attempted service is invalid.  Accordingly, because Plaintiffs  have not filed a valid proof of service as to Fofanova, or a brief showing cause as ordered, Fofanova is hereby dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

### III.     Conclusion

For the reasons set forth herein, Koda's Motion to Dismiss (Doc. No. 11) is GRANTED. Plaintiffs' claims against Koda are dismissed without prejudice.  Additionally, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, Fofanova is hereby dismissed without prejudice for want of prosecution.  The Clerk is instructed to terminate this case.

**IT IS SO ORDERED.**

    *s/Pamela A. Barker*
    PAMELA A. BARKER

Date:  April 16, 2026          U. S. DISTRICT JUDGE